APONTE ET AL. *v.* RAMÍREZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 626.—Resuelto en mayo 22, 1911.

ACCIÓN REIVINDICATORIA—VENTA DE BIENES INMUEBLES—CONSUMACIÓN DEL CONTRATO.—Desde el momento en que un contrato de venta de finca rústica queda perfeccionado por el consentimiento de las partes, unido a la posesión de la finca vendida, dicho contrato surte efectos legales entre las partes, herederos y causahabientes, sin que influya para nada en la eficacia de tal contrato el no haberse otorgado documento público ni privado de dicha venta.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Pascasio Fajardo.*

Abogados de los apelados: *Sres. Alfredo Arnaldo y Juan Quintero González de Quijano.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El día siete de marzo de 1892, Juan Bianchi Pagán traspasó la finca objeto de este pleito a Doña María Saturnina Ramírez. La demandante y apelante, casada y menor de edad, es la hija y heredera por testamento de Doña María Saturnina Ramírez. El demandado y apelado Ramón Ramírez Rodríguez está en posesión de la finca y alega tener el título de propiedad de la misma por compra a su padre, por escritura que fué debidamente inscrita. El demandante niega la posesión y título del demandado Ramírez, y termina solicitando que la finca sea devuelta a la menor demandante y se cancele la hipoteca que constituyó el demandado a favor de la sociedad demandada Diez y Pérez.

Los demandados admiten que la finca perteneció a la madre de la apelante en el año 1892, pero alegan y prueban que a la fecha de la muerte de la referida testadora ésta tenía una una deuda que ascendía a $3,600, habiendo entregado la finca y vendídola a su padre el mencionado José Monserrate Ramírez, con el fin de que éste pagara las expresadas deudas. En 26 de enero de 1899, obtuvo un expediente posesorio en la Corte Municipal de Añasco, otorgando al siguiente día a favor de su hijo la escritura de que se ha hecho mérito.

Alega el apelante que su madre tenía el título del que nunca fué privado legalmente. Se refiere también a actos del consejo de familia de la menor demandante, de cuyo consejo eran miembros su abuelo José Monserrate Ramírez y su tío Ramón Ramírez Rodríguez, como para sugerir que esa circunstancia hubiera podido influir para privarla de la finca perteneciente a su madre; pero no se ha imputado o alegado de una manera formal la existencia de confabulación o fraude para perjudicar a dicha menor, aparte de que tal imputación o alegación hubiera resultado incompatible con el hecho de que la finca fué vendida como hemos dicho antes, por Da. María Saturnina Ramírez antes del fallecimiento de aquélla, con el fin de que pagara deudas que tenía contraídas. Poco importa que en la venta expresada no mediara documento pú-

blico ni privado, pues perfeccionada como quedó por consentimiento de làs partes, unido a la posesión del terreno vendido, tenía que producir efectos legales entre éstos, y hoy la demandante, que es la continuación de la personalidad de su madre, no puede ir contra los actos de éstà.

Bajo las circunstancias expuestas creemos que concurrieron todos los elementos necesarios de un contrato y los requisitos para un título en lo que respecta a las partes entre sí.

Si fué válido el traspaso hecho por Da. María Saturnina Ramírez a su padre José Monserrate Ramírez, careciendo éste como carecía de título escrito inscribible, bien pudo inscribir a su favor en el registro de la propiedad la posesión de la finca, y con este título venderla a su hijo el demandado Ramón Ramírez Rodríguez, encontrándose éste así en condiciones legales para hipotecarla a favor de la sociedad demandada, Díaz y Pérez.

No encontramos que se haya cometido error en la sentencia que dictó la Corte de Distrito de Mayagüez en 15 de agosto del año próximo pasado, declarando sin lugar la demanda con las costas a la parte demandante, y debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.